UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Strom Engineering Corp.,**

    *Plaintiff,*

-v-

**International Fiber Corp.,**

    *Defendant.*

**Case No. 3:12-cv-035**

**Judge Thomas M. Rose**

___

**ENTRY AND ORDER GRANTING IN PART PLAINTIFF STROM ENGINEERING CORP.'S MOTION FOR ATTORNEY'S FEES AND COSTS. DOC. 42.  STROM'S MOTION IS GRANTED WITH REGARD TO ALL ATTORNEY'S FEES AND COSTS EXCEPT FEES FOR INVOICE 14688 (VEHICLE RENTAL-MILEAGE).  INTERNATIONAL FIBER CORPORATION IS ORDERED TO PAY STROM ENGINEERING CORPORATION ATTORNEY'S FEES AND COSTS OF $67,437.25.**

___

Pending before the Court is Plaintiff Strom Engineering Corporation's motion for attorney's fees and costs. Doc. 42.  Plaintiff filed this motion subsequent to the Court granting Strom's motion for summary judgment with regard to Strom's breach of contract claims against Defendant International Fiber Corporation except for the claims for invoices 14688 and 14244.  With regard to invoice 14244, the Court granted summary judgment to Strom on its unjust enrichment claim.  The Court also granted summary judgment to Strom on International Fiber's counterclaims for tortious interference, faithless servant and misrepresentation.  At the same time, the Court granted International Fiber's motion for summary judgment with regard to the breach of contract claims for invoices 14688 and 14244.

After the Court granted the parties' joint motion for extension of time, Strom filed a motion for attorney's fees and costs, doc. 42, along with supporting documentation, and

International Fiber filed a response in opposition to attorney's fees and costs. Doc. 43. Strom has replied, doc. 44, and International Fiber has filed a sur-reply. Doc. 46.

Strom moved the Court to award attorney's fees and costs as follows:

- Attorney fees from Reminger Co., L.P.A. in the amount of $63,560.00

- Attorney fees from Mary O'Brien, of the law firm Meagher & Geer, PLLP, in the amount of $6,793.30

- Costs of $457.47 for expenses of Reminger Co., L.P.A. and $11.80 for expenses of Meagher & Geer, PLLP.

The total for the above attorney's fees and costs is $70,822.57.

In response, International Fiber asserts that Strom's recovery of attorney's fees should be reduced for four reasons: (1) Strom should not recover attorney's fees associated with invoices 14688 and 14244 upon which they were denied recovery, (2) Strom should not recover attorney's fees associated with International Fiber's counterclaims, and (3) Strom should not recover attorney's fees for the legal services of attorney Mary O'Brien, as she never entered an appearance in this case and works for a firm that never entered an appearance in this case.

The attorney's fees provision in the Service Agreement reads as follows: "[International Fiber] agrees to pay any reasonable attorney and other fees that may be incurred by STROM to collect any undisputed amounts not paid when due."[1] Service Agreement, ¶ 5. The amount of invoice 14244 was not disputed, and Strom was awarded the total amount of this invoice through its unjust enrichment claim. As the attorney's fees provision states, attorney's fees that are incurred by Strom to recover undisputed amounts not paid are recoverable. Whether the recovery is in the form of a breach of contract or under the doctrine of unjust enrichment is a matter of semantics; the money was owed as a direct result of the Service Agreement. The

---

[1] While the amounts were not paid when due, neither were they "disputed" under the provisions for doing so in the contract.

unjust enrichment claim relates to the enforcement of the Agreement and thus the attorney's fees associated with the unjust enrichment claim are recoverable. *Saad v. GE HFS Holdings, Inc.*, 366 Fed. Appx. 593, 607 (6th Cir Feb. 22, 2010) (attorney's fees for claims that relate to the enforcement of a plaintiff's claim can be recoverable).

As for the invoices upon which Strom's legal claims failed, a district court may reduce a fee award to account for claims that were unsuccessful. *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997)(*abrogated on other grounds by Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001)). Invoice 14688 was for reimbursement for vehicle rentals in the amount of $15,311.37, which was allowed under the Service Agreement. However, Strom failed to provide the required supportive documentation for the invoice, and as such, the Court granted summary judgment to International Fiber for this claim. Since $15,311.37 represents 4.78% of the $320,074.27 Strom claimed it was entitled to, the Court will reduce Strom's recovery of attorney's fees by $3,385.32, which is 4.78% of the total requested attorney's fees.

International Fiber was granted summary judgment on Strom's breach of contract claim regarding invoice 14244 for hours worked disbanding upon completion of the contract. However, Strom's motion for summary judgment was granted with regard to its unjust enrichment claim against International Fiber for invoice 14244. International Fiber now asserts that since Strom did not prevail on the breach of contract claim, it should not be allowed to recover attorney's fees for the unjust enrichment claim as it is outside the scope of the Service Agreement, thus making the attorney's fees provision from the Agreement inapplicable.

It is generally within the discretion of the trial court to grant attorney fees without any reduction for unsuccessful claims when the unsuccessful claims are sufficiently related to the successful claims. See *Dowling v. Litton Loan Servicing*, 320 Fed. App'x 442 (6th Cir. 2009) (no

reduction of attorney fees when successful claims and unsuccessful claims were from the same nucleus of facts and legal theories); *Harper v. BP Exploration & Oil, Inc*., 3 Fed. App'x 204 (6th Cir. 2001) (when unsuccessful claims are related to successful claims, court asks whether plaintiff achieved a level of success to justify award of attorney fees without reduction); *Imwalle v. Reliance Medical Products*, 515 F.3d 531 (6th Cir. 2008) (trial court has broad discretion to look at whether successful and unsuccessful claims were related, and whether plaintiff achieved a level of success to justify attorney fees). Simply put, it is a matter of this Court's discretion whether to reduce attorney fees based upon successful and unsuccessful related claims. Given that Strom prevailed on its unjust enrichment claim with regard to invoice 14244, the Court will not reduce Strom Engineering's claim for attorney's fees and costs for expenditures related to this claim.

International Fiber brought three counterclaims against Strom: tortious interference, faithless servant, and misrepresentation. International Fiber argues that these counterclaims fall outside of the scope of the Service Agreement and thus are not recoverable. International Fiber has not cited any authority for the position that recovering attorney's fees spent defending counterclaims are not recoverable. In *Saad v. GE HFS Holdings, Inc.*, the Sixth Circuit held that since it was necessary to defend against a counterclaim in order to collect on a note, and since the counterclaim relates to the enforcement of the claim, the attorney's fees incurred in defending against counterclaims were recoverable. *Id.* at 606–07.

In *General Electric Co. v. Latin America Imports*, 127 Fed. App'x 157 (6th Cir. 2005), the Sixth Circuit applied a four-factor test to determine whether a party may recover attorney fees when defending a counterclaim. The factors that the Sixth Circuit noted were as follows:

> (1) Whether the party requesting the fees was responsible for precipitating the litigation; (2) Whether the litigation for which

4

>the party relying on the contract provision recovers the fees was bona fide and made necessary by the party opposing payment of such fees; (3) Whether the claim asserted by the party opposing payment of such fees was raised by way of offset in an attempt to reduce or extinguish the debt owed to the party requesting fees; and (4) Whether it was necessary for the parties requesting the fees to defend against the claim of the party opposing the fees in order to collect the underlying contractual obligation.

*General Electric*, 127 Fed. App'x 160.

Application of the Sixth Circuit four-factor test reveals that Strom is entitled to recover its attorney fees for defending the International Fiber counterclaim. The litigation initiated by Strom was necessary to collect the invoices and was made necessary by International Fiber's refusal to abide by the contract. Next, International Fiber raised a counterclaim concerning Butch Roberts as a way to offset the amounts due under the contract. Finally, Strom was forced to defend the claim of International Fiber in order to collect the underlying contractual obligation, because International Fiber used the allegations regarding Butch Roberts as an excuse not to pay. Thus, the attorney's fees associated with defending International Fiber's counterclaims are recoverable.

Lastly, International Fiber asserts that Strom is not entitled to attorney's fees for the legal services of Mary O'Brien. Mary O'Brien is a partner at Meagher & Geer, PLLP, and served as outside counsel for Strom in this matter, although not as a counsel of record. International Fiber argues that O'Brien, or any other attorney from Meagher & Geer, never made an appearance in this case or sent correspondence to International Fiber. International Fiber asserts that since Strom never advised International Fiber that another law firm was working behind the scenes, her attorney's fees are not recoverable, as this lack of notice is somehow prejudicial.

International Fiber also protests that while O'Brien stated she attached detailed time entries of her work to her affidavit in support of request for attorney's fees, she initially failed to do so.

International Fiber failed to provide any authority to support the position that only fees from counsel of record may be recovered. Being of record is not the determinative factor of whether attorney's fees are recoverable. The broad attorney's fees provision in the Service Agreement does not mention that only fees from counsel of record may be recovered.

There is no contrary evidence to the reasonableness of Mary O'Brien's legal fees. Mary O'Brien has submitted an Affidavit that her attorney fees were reasonable and necessary for this litigation. There is no contrary evidence in the record provided by International Fiber to dispute that her hourly rate was unreasonable or that the hours she worked were unreasonable. It is somewhat ironic that International Fiber would have concerns about duplicative billing when International Fiber has two partner level attorneys of record on the case file themselves. It would seem that International Fiber recognizes that the complexity of the matter and the amount of the work involved justified having two partner level attorneys participating in the litigation. There is no basis for this Court to conclude that Mary O'Brien's legal fees were duplicative or unreasonable. Moreover, nothing in the contract limits the right to recover attorney fees to counsel of record in the litigation.

**Conclusion**

Because the parties' contract mandates attorney fees and costs for "any reasonable attorney fees and other fees that may be incurred by [Strom] to collect any undisputed amounts not paid when due," and because Strom had to defend International Fiber's counterclaims to collect the amounts due it, and because Mary O'Brien's attorney fees were reasonable, Plaintiff Strom Engineering's Motion for Attorney Fees and Costs, doc. 42, is **GRANTED IN PART**.

Plaintiff's requested $70,822.57 in attorney fees will be reduced by $3,385.32, representing 4.78% of Plaintiff's requested award, in light of its failure to prevail on its claims relating to invoice 14688.  Thus, Defendant International Fiber Corporation is **ORDERED** to pay Plaintiff Strom Engineering Corporation $67,437.25.  The instant case is **TERMINATED** on the docket of the United States District Court for the Southern District of Ohio at Dayton.

      **DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, January 29, 2014.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE